Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GULF SABANA LLANA, INC.<br><br>Recurrente<br><br>*V.*<br><br>MUNICIPIO AUTÓNOMO DE FAJARDO<br><br>Recurrida | KLRA202500119 | *Revisión Judicial* procedente de la Junta de Subasta del Gobierno Municipal Autónomo de Fajardo<br><br>Subasta Número: 060-24-25<br><br>Sobre: SERVICIOS DE MANTENIMIENTO Y REPARACIÓN A LA FLOTA DE VEHÍCULOS DE GASOLINA DE MUNICIPIO DE FAJARDO |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

Comparece ante nos, Gulf Sabana Llana, Inc. (en adelante, "Gulf Sabana"), mediante el recurso de revisión judicial de epígrafe. En su petitorio, solicita que revisemos la determinación emitida el 13 de febrero de 2025 y notificada el 14 de febrero de 2025, por la Junta de Subastas del Municipio Autónomo de Fajardo (en lo sucesivo la "Junta de Subastas"). En la referida determinación se adjudicó la Subasta Núm. 060-24-25, otorgándose así la buena pro a Home Run Center and More.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado, por adolecer de *academicidad*.

Número Identificador
RES2025 _____

## I.

El día 12 de septiembre de 2024, la Junta de Subastas publicó un "*Aviso de Subasta.*" Mediante este, notificó la celebración de una serie de subastas entre las que se encontraba la Subasta Núm. 060-24-25: sobre "*Servicios de Mantenimiento y Reparación a la Flota de Vehículos de Gasolina del Municipio de Fajardo.*"

Posteriormente, la Junta de Subastas notificó una invitación a licitar en la que se expusieron los detalles de la Subasta Núm. 060-24-25. Por medio de la referida invitación, expresó su interés de contratar una compañía de servicios para mantener y reparar los vehículos de gasolina del Municipio de Fajardo. Además, informó que la referida subasta se celebraría el día 8 de octubre de 2024. A su vez, indicó que en la fecha de 1 de octubre de 2024 se efectuaría una "*reunión pre-subasta,*" para la cual la asistencia sería un requisito indispensable para poder presentar una propuesta.

Así las cosas, el 1 de octubre de 2024, se celebró la aludida "*reunión pre-subasta.*" A la referida reunión comparecieron los siguientes licitadores: 1) Socorro Grau Morales, en representación de Truckcart; 2) Ramnses Abreu Ibern, en representación de Allied Car Rental; 3) Nicolas Campill, en representación de Golf Sabana Llana; 4) Miguel A. Jiménez Dávila, en representación de Kariduros Kar Inc; 5) José Sanabria Ortiz, en representación de Mecánica Sanabrias; 6) Edwin Colón, en representación de First Transit of Puerto Rico; y 7) Luis Lebrón, en representación de Home Run Tire Center.

Posteriormente, el 14 de febrero de 2025, la Junta de Subastas notificó la determinación que hoy nos ocupa. Mediante esta, adjudicó la subasta a favor del licitador Home Run Center and

More. Como parte de la referida determinación, la Junta de Subastas desglosó las siguientes propuestas:

| 2. Licitación | Gulf Sabana Llana | Guevárez & Guevárez | Home Run Tire Center |
|---|---|---|---|
| **Costo mensual mantenimiento preventivo**<br><br>1. Vehículos de pasajeros<br>2. Vehículos de cargas hasta 10,000 | 175.00 | $150.00/ $275.00<br><br>1. $150.00<br>2. $275.00 | $90.00 |
| **Inspección anual por vehículo** | $20.00 | $20.00 | $20.00 |
| **II. Mecánica gasolina: Costo por hora de mecánica de gasolina** | $75.00 | $80.00 | $80.00 |
| **Por ciento ganancias en piezas** | 15% | 30% | 10% |
| **Costo instalación y reparación aire acondicionado por hora** | $75.00 | $80.00 | $80.00 |
| **Servicio de grúa** | $185.00 | Enganche: $50.00<br>Milla: $5.00 | $60.00 |

A su vez, los criterios que utilizó la Junta de Subastas para adjudicar la buena pro fueron los siguientes:

1. Mejor oferta presentada.

2. La oferta está conforme a las especificaciones establecidas en la solicitud de propuesta de la subasta de referencia.

3. El licitador cumplió con las condiciones requeridas por la Junta de Subastas: entrega del pliego cotizado a la hora fijada y presentación de la fianza requerida.

En desacuerdo con la adjudicación de la Junta de Subastas, oportunamente el 24 de febrero de 2025, Gulf Sabana compareció ante nos a través del recurso de epígrafe. Mediante este, esbozó los siguientes señalamientos de error:

Erró la junta de subastas del municipio autónomo de fajardo al otorgar la buena pro a un nombre comercial sin persona jurídica con capacidad para contratar.

Erró la junta de subastas del municipio autónomo de fajardo al notificar mediante correo regular y no mediante correo certificado con acuse de recibo la notificación de adjudicación de la subasta 060-25-25, en craso incumplimiento con el código municipal de puerto rico, art. 2.040, con la sección 13(2) capítulo VIII, parte II del reglamento 7539 del 8 de julio de 2008 de la oficina de comisionado de asuntos municipales (reglamento para la administración municipal) vigente, y con las propias directrices contenidas en los pliegos de subasta que así lo indicaban.

Erró la junta de subastas del municipio autónomo de fajardo al permitir y considerar la presentación de propuestas a licitadores que no participaron en la reunión pre-subasta, aun cuando el propio municipio recurrente estableció como requisito indispensable para poder presentar propuesta, la asistencia a dicha reunión pre-subasta.

Erró la junta de subastas del municipio autónomo de fajardo al omitir en su notificación de adjudicación requisitos indispensables y mandatorios de ley cuando no incluye en su notificación las razones específicas aludidas como beneficiosas al interés público que justifiquen tal adjudicación y al omitir notificar a los licitadores no agraciados las razones por las cuales no se les adjudicó la subasta.

Erró la junta de subastas del municipio autónomo de fajardo al no incluir en los criterios de adjudicación criterios mandatorios incluídos en la ley 107-2020, según enmendada (código municipal de puerto rico) y obviar en su análisis y adjudicación criterios expresamente incluídos en los pliegos de subasta.

Así las cosas, el 25 de febrero de 2025, este Tribunal emitió una "*Resolución,*" mediante la cual le concedió al Municipio de Fajardo un término de diez (10) días para que presentara su alegato en oposición. Luego de que el referido Municipio presentara una petición de prórroga, el 11 de marzo de 2025, se le concedió a dicho Municipio un término a concluir el 20 de marzo de 2025, para que presentara su alegato en oposición.

En cumplimiento con el término concedido, el 20 de marzo de 2025, el Municipio de Fajardo presentó "*Solicitud de Desestimación.*" Mediante esta, informó que el 19 de marzo de 2025 canceló la adjudicación de la Subasta Núm. 060-24-25, y en consecuencia canceló el contrato que fue otorgado a favor del licitador que obtuvo la buena pro. Además, indicó que notificó la

referida cancelación a los licitadores que comparecieron a la subasta. Por consiguiente, peticionó a esta Curia que desestimara el recurso de epígrafe por tornarse académico.

**II**.

**A**.    ***Desestimación por Academicidad***:

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020)*; *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Freire Ruiz de Val y otros v. Morales Román*, 2024 TSPR 129; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

La ausencia de justiciabilidad en un caso constituye uno de los factores que priva a los tribunales de autoridad para dirimir los méritos de un asunto. Ello así, puesto que los tribunales solamente pueden evaluar aquellos casos que sean justiciables. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). El propósito de este precepto es evitar el inadecuado uso de los recursos judiciales y los precedentes innecesarios. *Buxó Santiago v. Oficina de Ética Gubernamental*, 2024 TSPR 130; *Super Asphalt v. AFI y otro*, 206 DPR 803, 816 (2021). Un caso no es justiciable cuando, entre otras circunstancias, la controversia existente entre las partes se torna académica. *Asoc. Fotoperiodistas v. Rivera Schatz,* supra, pág. 932.

Una controversia puede convertirse en académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución. *Super Asphalt v. AFI y otro,* supra. En otras palabras, un caso se torna académico cuando la cuestión en controversia sucumbe ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 73 (2017). Ello, tiene como consecuencia que el dictamen que el tribunal pudiera emitir no tenga ningún efecto práctico entre las partes. *Íd.* Por lo cual, los tribunales perdemos jurisdicción para atender los casos que se conviertan en académicos. *Bhatia Gautier v. Gobernador*, supra.

De otra parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, provee para que a petición de parte o a iniciativa propia del tribunal un recurso sea desestimado por advenir académico. 4 LPRA Ap. XXII-B.

**III**.

Conforme fue expuesto, una controversia se convierte en académica cuando durante el trámite judicial surgen cambios fácticos que extinguen su vitalidad y realidad. En el caso ante nuestra consideración, Gulf Sabana presentó el recurso de epígrafe a los fines de impugnar la adjudicación de la Subasta Núm. 060-24-25. Sin embargo, el Municipio de Fajardo compareció ante nos para informar que fue cancelada la adjudicación de la referida subasta. En consecuencia, quedó sin efecto el contrato de "*Servicios de Mantenimiento y Reparación a la Flota de Vehículos de Gasolina del Municipio de Fajardo,*" que se había otorgado.

Así pues, en este caso ya no operan intereses encontrados entre Gulf Sabana y el Municipio de Fajardo. Por lo cual, no tiene efecto práctico el conceder algún remedio para las aludidas partes,

dado que la controversia se tornó inexistente. Ante ello, nos vemos privados de jurisdicción para adjudicar los méritos del asunto. Siendo así, al amparo de la Regla 83, *supra, declaramos* nuestra *falta de jurisdicción* para atender el caso. En consecuencia, *desestimamos* el recurso de epígrafe por adolecer de academicidad.

**IV**.

Por los fundamentos expuestos, *desestimamos* el recurso presentado por advenir *académico*.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones